(Reap. Dec. 9312)

A. NEWBERG & CO., INC. *v.* UNITED STATES

Entry No. 848340-1/2.

(Decided February 16, 1959)

*Barnes, Richardson & Colburn* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

DONLON, Judge:  This appeal for reappraisement is submitted for decision upon the following stipulation by counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the instant appeal to reappraisement covers 671 packages of confectionery and chocolate, contained in cases 986/1656 on Invoice #1 in Entry 848340, exported from Germany.

That on or about the date of exportation such or similar merchandise was not freely offered for sale for home consumption in Germany or for exportation in the United States.

That on or about the date of exportation such or similar imported merchandise was not freely offered for sale in the United States.

That the cost of production of said merchandise as defined in Section 402(f) of the Tariff Act of 1930, is the invoice unit values, less the inland freight charges and plus the amount of drawback as noted on said Invoice #1.

That the instant appeal to reappraisement be submitted on this stipulation, the appeal being limited to the merchandise herein described and abandoned as to all other merchandise.

Insofar as the statement attempts to stipulate an issue of law, namely, that cost of production value is the proper basis of appraisement of this merchandise, it is not a proper stipulation.  Matters of law may not be stipulated.  The facts which have been stipulated are, however, sufficient for decision.

Accepting this stipulation as an agreed statement of facts, and excluding the attempted stipulation of law, I find and hold that cost of production, as defined in section 402(f) of the Tariff Act of 1930, is the proper basis for appraisement of the item merchandise contained in cases 986/1656 of invoice #1 in the entry covered by this appeal, and that such cost of production value is the invoice unit value, less the amount of inland freight charge, as shown on the invoice, plus the amount of drawback on the merchandise contained in cases numbered 986 to 1656, inclusive, of invoice #1.

The appeal is dismissed in all other respects and as to all other merchandise.

Judgment will enter accordingly.